UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:24-cv-09870-CBM-MAA        Date: March 4, 2025

Title: Roderick Washington v. Richard Brumfield

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Cindy Delgado  | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order to Show Cause re: Apparent Defects in Petition

On November 5, 2024, Petitioner Roderick Washington, acting *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ("Petition," ECF No. 1.) The Petition alleges that Petitioner is entitled to federal habeas relief because he was not afforded due process when he was denied parole on or around October 31, 2024. (*Id.* at 5.)

The Petition appears to suffer from certain procedural defects that must be addressed by Petitioner so that the Court may determine whether he will be permitted to proceed with this action. These potential defects are listed below. The Court **ORDERS** Petitioner to respond to the following issues by no later than **April 3, 2025**.

## Wholly Unexhausted Petition

Setting aside the question of whether the Petition presents cognizable grounds for federal habeas relief, it appears that the Petition may be wholly unexhausted.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:24-cv-09870-CBM-MAA                                       Date: March 4, 2025

Title:    Roderick Washington v. Richard Brumfield

the petitioner presents "both the operative facts and the federal legal theory on which his claim is based."  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).  The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

   Here, Petitioner's claims are premised on a decision of the Board of Parole Hearings alleged to have issued less than one week before Petitioner filed the instant Petition.  To state that it is unlikely that Petitioner was able to present his claims fairly to California's highest court before filing the Petition—which he must do before he may maintain a suit in this federal district court, *see Gatlin*, 189 F.3d at 888—is to significantly understate the issue.  The Court is aware that Petitioner previously filed a case in this district similarly challenging the denial of parole.  *See Washington v. Brumfield*, 2:24-cv-02242-CBM-MAA (C.D. Cal. Mar. 18, 2024), ECF No. 1.[1]  However, any claim Petitioner may have regarding the process afforded him during his 2024 parole hearing, the subject of the instant Petition, is separate from any such claim he may have with respect to the process he was afforded during his 2023 parole hearing, the subject of his previous case.  *See Swarthout v. Cooke*, 562 U.S. 216, 219–20 (2011) (per curiam) (holding that where state law creates liberty interest in parole, federal court habeas review is limited to determining whether minimal due process—that is, "an opportunity to be heard" and "a statement of the reasons why parole was denied"—was awarded to petitioner in state parole proceedings resulting in denial of parole).  Thus, whether or not he exhausted his state court remedies with respect to his 2023 denial of parole claim is irrelevant to the question of whether he exhausted his state court remedies with respect to his 2024 denial of parole claim.  And nothing has been presented to the Court to suggest that Petitioner exhausted his state court remedies with respect to the 2024 parole decision.

///

---

[1] The Court takes judicial notice of this proceeding.  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-09870-CBM-MAA                                                             Date:  March 4, 2025

Title:   Roderick Washington v. Richard Brumfield

If indeed the instant Petition is wholly unexhausted, as it appears to be, it is subject to dismissal.  *See* 28 U.S.C. § 2254(b)(1)(A).  Before the Court makes a recommendation to the District Judge regarding this issue, however, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court.  Petitioner shall respond to this Order to Show Cause in writing by no later than **April 3, 2025**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) <u>Notice of Dismissal</u>.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) <u>Request for *Rhines* Stay</u>.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277–78.

(3) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court. (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is cautioned that failure to respond to this Order by April 3, 2025 may result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  2:24-cv-09870-CBM-MAA                                        Date:  March 4, 2025

Title:   Roderick Washington v. Richard Brumfield

### Personal Jurisdiction

The proper respondent in a state habeas action is the "state officer having custody" of the petitioner. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation and quotation marks omitted). "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name the correct custodian as a respondent may deprive the court of personal jurisdiction over the petition. *See id.*

Petitioner named "Richard Brumfield, Director" as the sole respondent to his Petition. (Petition at 1.) Richard Brumfield is not the proper respondent to this action. Petitioner is **ORDERED** to file a response to this Order identifying by name the proper respondent—the warden of the California State Prison – Los Angeles, the institution in which Petitioner is incarcerated (*see id.* at 1)—by no later than **April 3, 2025**. Failure to do so may result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the Petition. If Petitioner files a response identifying by name the proper respondent before **April 3, 2025**, this order to show cause shall be discharged.

**Petitioner is cautioned that failure to respond to this Order by April 3, 2025 may result in a recommendation that the Petition be dismissed without prejudice for lack of personal jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

\* \* \*

This Order is non-dispositive. However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order. *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))